IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES, LLC,

        Plaintiff,                             No. 2:11-cv-00087-LKK-KJN

      v.

THANH VAN LE;
DUNG NGOC NGUYEN,

        Defendants.                   <u>ORDER</u>
_____/

        Defendants Thanh Van Le and Dung Ngoc Nguyen (the "defendants"), proceeding without counsel, filed a notice of removal on January 10, 2011. (Dkt. No. 1.)[1] On February 4, 2011, plaintiff Aurora Loan Services, Inc. ("Aurora" or "plaintiff") filed a document entitled "Declaration of Eric G. Fernandez re: Notice of Removal." (Dkt. No. 3.) In that standalone document, Mr. Fernandez, an attorney for Aurora, declared that defendants' "removal is improper" and attached various documents from the underlying state court action. (<u>Id.</u> at 3.) However, in that "declaration," defendants did not request judicial determination of any particular issue. Accordingly, on February 24, 2011, the undersigned issued a minute order clarifying that the court would not take any action with respect to Mr. Fernandez' standalone

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).

1

declaration, and directing plaintiff that "to the extent plaintiff seeks to challenge defendants' removal of the state action, plaintiff is directed to file a noticed motion and properly put the issue before the court." (Dkt. No. 5.)

On March 15, 2011, plaintiff filed a document entitled "Notice of Motion and Motion to Remand" (the "Motion"). (Dkt. No. 6.) The Motion itself, however, is less than two pages long. (Dkt. No. 6-1.) The Motion is unsupported by a single declaration or exhibit, even though the Motion appears based entirely on the argument that the state court action was concluded with a final judgment. (Id. at 1.) The Motion does not incorporate (or even reference) Mr. Fernandez's previously-filed declaration. The only legal argument made within the Motion is that "a sua sponte order is appropriate in this case." (Id. at 2.)

The Motion asks the undersigned to "order remand to the state court." (Dkt. No. 6-1 at 2.) Plaintiff argues, again without reference to any declarations or exhibits, that "judgement was entered in the [state] action on 10/15/10" (id. at 1), and that thus there is "no pending case for Defendants to 'remove' to this court . . . ." (Id. at 2.) On the heels of these unsubstantiated factual assertions comes plaintiff's direction to the court that it "must remand [the] action *sua sponte*." (Id. (emphasis by plaintiff).) Plaintiff quotes the Chavez case and mistakenly characterizes it as one where "this court held"[2] that "a district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits." (Id. (citing Residential Funding Real Estate Holding, LLC v. Chavez, No. CV 10-04488 MMM (JCGx), 2010 WL 3220065, at *2 (C.D. Cal. Aug. 12, 2010) (not reported).) While a district court must examine jurisdiction before adjudicating issues in an action removed from state court, Chavez does not stand for the proposition that the federal court *must* take, on faith and without a supporting declaration or document, the mere word of the party seeking remand that the underlying state court case is closed such that jurisdiction is lacking. However,

---

[2] Contrary to plaintiff's suggestion, the undersigned did not decide the Chavez case and the case is from a different district.

2

this is what plaintiff appears to suggest.

While plaintiff is correct that the court *may* act *sua sponte* with respect to jurisdictional issues, plaintiff is incorrect to assume that the court *must* do so on demand or *at this particular posture*. Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims. See 28 U.S.C. § 1447(c) ("If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); State of Neb. ex rel. Dept. of Social Services v. Bentson, 146 F.3d 676, 679 (9th Cir. 1998). Under these authorities, the undersigned has the authority to determine subject matter jurisdiction in this case – and to do so *at the time it appears to the undersigned* that such jurisdiction is lacking. The undersigned has not yet made such a determination in this case. Thus, if plaintiff wishes the court to make such a determination *now*, plaintiff may make its request in a fully-developed motion complete with legal arguments and citations to evidence, if any, supporting the propriety of remand due to the purported completion of the underlying state court action.

Plaintiff mistakes the court's power to act *sua sponte* as somehow negating plaintiff's obligation to make factual and legal arguments supporting its pending request for remand. The very fact that plaintiff filed a motion requesting relief from this court – i.e., requesting that the court "order remand to the state court" – appears to take the issue out of the realm of *sua sponte* court action. E.g., Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 352 (9th Cir. 1999) ("The traditional definition of *sua sponte* is that the court acts of "*its own will or motion*.") (citing Black's Law Dictionary at p. 1424 (6th ed. 1990) (emphasis added).) In short, it is an oxymoron for plaintiff to direct the court to act "sua sponte."

Although it may do so in the future, at this time the undersigned has not yet determined a lack of jurisdiction and has not yet ordered remand *sua sponte*. If plaintiff seeks a more immediate determination of the issue, plaintiff may file a complete motion making that request. Plaintiff cannot cite the court's power to act *sua sponte* and direct the court to so act in

3

an attempt to shortcut drafting a fully-developed motion for remand. Accordingly, plaintiff's "Motion" is denied without prejudice to refiling.

The undersigned notes that plaintiff asking the undersigned to remand the case *sua sponte* tends to deny the defendants – who are apparently proceeding without counsel – the opportunity to respond directly to legal and factual arguments relevant to the issue of remand. Plaintiff's approach also prevents plaintiff from analyzing the other remedies that plaintiff may wish to request in the alternative, for instance, a dismissal of the removed action. E.g., Ristuccia v. Adams, 406 F.2d 1257, 1258 (9th Cir. 1969) (per curiam) ("We hold that, as a matter of logic, if appellants had no existing cause of action to remove, the fact that the district court has determined that appellants lacked a removable cause of action creates no cause of action that can be remanded.") Given that plaintiff has suggested in passing that "there is no pending case for Defendants to 'remove'," (Dkt. No. 6-1 at 2), a well-reasoned motion analyzing the legal authorities regarding remand (or, in the alternative, dismissal) might behoove plaintiff.

For the foregoing reasons, IT IS HEREBY ORDERED that:

Plaintiff's motion to remand (Dkt. No. 6) is denied without prejudice to refiling and the hearing set for April 14, 2011 is vacated. Any future motion for remand and/or dismissal of this action should include a points and authorities advancing arguments in favor of the remedies sought, and should include a discussion of the relevant legal authorities. Supporting evidence should be filed concurrently with such a motion.

**IT IS SO ORDERED.**

DATED: April 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE