IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES, LLC,

        Plaintiff,                    No. 2:11-cv-00087-LKK-KJN-PS

        v.

THANH VAN LE, DUNG NGOC
NGUYEN, and DOES 1-5,

        Defendants.               <u>ORDER and FINDINGS AND
                                                               RECOMMENDATIONS</u>

_____/

        Presently before the court is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of Sacramento ("Superior Court"). (Dkt. No. 8.)[1] A review of the court's docket indicates that defendants Than Van Le ("Le") and Dung Ngoc Nguyen ("Nguyen") (collectively "defendants") have not filed a written opposition to the pending motion to remand.

        This matter came on for hearing before the undersigned on May 19, 2011. Attorney Ted Slabach attended on behalf of the plaintiff. There were no appearances on behalf of defendants.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Having reviewed the briefs and record in this case, the undersigned recommends that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court on grounds that this court lacks subject matter jurisdiction over plaintiff's single claim for unlawful detainer.

I.    BACKGROUND

On September 10, 2010, plaintiff Aurora Loan Services, LLC's ("Aurora" or "plaintiff") filed a Verified Complaint for Unlawful Detainer ("Complaint") in the Superior Court, Case Number 10UD08659, seeking to recover possession of the property alleged to be situated in the County of Sacramento. (Notice of Removal, Dkt. No. 1, Exh. 1 thereto ("Compl.").)  The Complaint alleges that plaintiff purchased the subject property at a trustee's sale that occurred in accordance with California state law and terms of the Deed of Trust executed by defendants, that plaintiff's title pursuant to that sale has been perfected, and that plaintiff is entitled to immediate possession of the property. (Compl. at 1-2.)  It further alleges that plaintiff provided defendants, who once owned and apparently still occupy the property, with a written notice to vacate the premises and deliver possession of the property within 3 days after service of such notice, and that defendant failed to vacate and deliver possession. (Id.)  Through this action, plaintiff seeks: (1) restitution and possession of the subject property, and (2) damages at a rate of $60.00 per day from August 21, 2010, until the date of entry of judgment for each day that defendants remain in possession of the property.[2] (Compl. at 3.)

On January 10, 2011, defendants removed this matter to the United States District Court for the Eastern District of California. (Notice of Removal, Dkt. No. 1.)  Defendants removed this case pursuant to 28 U.S.C. § 1446(a), and asserted that "the grounds for such removal is being based on claims 'arising under' FEDERAL LAW namely, as to Federal

---

[2] Plaintiff filed this action as a limited civil action in the Superior Court, and the caption of the Complaint states: "AMOUNT DEMANDED DOES NOT EXCEED $10,000." (Compl. at 1.)

2

Jurisdiction resulting from the Moving Party's Discovery Request and Demand for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE', and as to identify the statutory basis for the discovery request/demand and other claims." (Notice of Removal at 2.)

Defendants' Notice of Removal also asserts, in passing and without explanation, that ". . . [defendants'] current residence is that of the State of California is that of complete diversity, as there are no other parties in this case that have been properly served" and "This matter and this case is that of complete diversity . . . [defendants] believe that the amount of controversy exceeds the [sic] $95,000 (Ninety-Five Thousand Dollars)." (Notice of Removal at 2.) The Notice of Removal contains no allegations regarding plaintiff's citizenship and contains no factual allegations in support of defendants' claim that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff's pending motion (Dkt. No. 8) requests that this action be remanded to state court.[3]

II.   LEGAL STANDARDS

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

---

[3] On February 4, 2011, plaintiff filed a standalone "Declaration" in apparent efforts to request that this action be remanded to state court. (Dkt. No. 3.) Because the "Declaration" did not clearly request affirmative relief from the court, the undersigned declined to take action upon that filing. (Dkt. No. 5.) Thereafter, plaintiff filed a document styled as a "Motion to Remand" (Dkt. No. 6), but failed to advance arguments in favor of the relief sought and referenced documents that were neither attached nor part of an accompanying declaration. Accordingly, the undersigned denied that motion without prejudice. (Dkt. No. 7.) Plaintiff filed the pending motion to remand on April 7, 2011. (Dkt. No. 8.) Despite these several filings, to date defendants have not filed any written responses thereto.

28 U.S.C. § 1441(a), (b).  A defendant "desiring to remove any civil action" from state court to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant" in the state action.  28 U.S.C. § 1446(a).  "The defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'"  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

III.   DISCUSSION

As noted above, defendants removed this action to federal court on the basis of this court's federal question jurisdiction and diversity jurisdiction.  For the reasons that follow, however, neither of these is a proper basis for removal in this particular case, and the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's claim.

A.   Removal Premised on Federal Question Jurisdiction

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091;

Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (emphasis in original) (citation and quotation marks omitted).

Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (holding that a single claim for unlawful detainer under state law did not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

As noted above, while defendants have not filed a written opposition to the motion for remand, their Notice of Removal suggests that this court's subject matter jurisdiction over plaintiff's single unlawful detainer claim somehow "result[s] from" defendants' "Discovery Request and Demand for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE'. . . ." (Notice of Removal at 2.) It is unclear how a violation of federal law could result from defendants' discovery requests. Discovery requests are not part of the pleading that initiated this action, and defendants have neither explained how removal might be premised upon such requests nor opposed plaintiff's pending motion. No explanation readily appears to the

undersigned. Defendants have not met their burden of demonstrating grounds for jurisdiction. See e.g., Placer Dome, Inc., 582 F.3d at 1087. The undersigned concludes that defendants' "Discovery Request and Demand for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE'. . . ." does not give rise to federal question jurisdiction, and, more importantly, neither does anything in plaintiff's limited unlawful detainer complaint. See Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

            B.      Removal Premised on Diversity Jurisdiction

Defendants also removed this case on the basis of the court's diversity jurisdiction, although they provided no factual basis for the existence of diversity jurisdiction. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106. Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008).

Again, it is defendants' burden to establish that removal is proper. E.g., Placer Dome, Inc., 582 F.3d at 1087. However, defendants make no attempt to provide a factual basis

for diversity jurisdiction.  At most, they state in passing and without explanation, that ". . . [defendants'] current residence is that of the State of California is that of complete diversity, as there are no other parties in this case that have been properly served" and "This matter and this case is that of complete diversity . . . [defendants] believe that the amount of controversy exceeds the [sic] $95,000 (Ninety-Five Thousand Dollars)."  (Notice of Removal at 2.)

Here, while the Notice of Removal describes defendants as citizens of California, it is silent with respect to plaintiff's citizenship.  (Notice of Removal at 1-2.)  Within its complaint, plaintiff described itself as "organized and existing under the laws of the State of Delaware" but did not purport to describe its citizenship for diversity purposes.  (Compl. at 1.)

In any event, even assuming that the parties are completely diverse, this court lacks diversity jurisdiction over this matter because defendants have failed to demonstrate that the amount in controversy exceeds $75,000.  When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met.  See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007); accord Wachovia Mortgage FSB v. Atencio, No. C 09-5275 BZ, 2010 WL 1221804, at *1 (N.D. Cal. Mar. 9, 2010) (unpublished) (holding that, where the "title of the state court complaint provides that the amount in damages is less than $10,000," plaintiff has plead a "specific amount in damages" such that it is not necessary to look beyond the face of the complaint) (citing Lowdermilk, 479 F.3d at 999); cf. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (acknowledging the general "facially evident" rule but noting that the inquiry is not confined to the face of the complaint when the amount in controversy is not stated therein).

A review of plaintiff's complaint confirms that the action was filed as a "limited" civil case where the damages at stake were less than $10,000.  (Compl. at 1.)  When the plaintiff has plead a specific amount in damages or alleged that damages do not exceed $10,000, those damages allegations govern the propriety of removal.  See e.g., Wells Fargo Bank, N.A. v.

1  Cencil, No. C-10-01169 EDL, 2010 WL 2179778, at *3 (N.D. Cal. May 27, 2010) (unpublished)
2  (ordering remand where "Defendant has not opposed the motion or made any other effort to
3  show that the statutory minimum of $75,000 has been met, and the face of the complaint shows
4  that it has not been met. The cover page of the complaint states in the caption, "AMOUNT
5  DEMANDED DOES NOT EXCEED $10,000."); GMAC Mortgage, LLC v. Martinez, No. CV
6  10-02882 MMM (PLAx), 2010 WL 1931268, at *4 (C.D. Cal. May 10, 2010) (unpublished)
7  (remanding unlawful detainer action where plaintiff filed action as a limited civil action with an
8  affirmative demand of less than $10,000); U.S. Bank v. Lasoff, No. CV 10-00235 MMM (Rcx),
9  2010 WL 669239, at *5 (C.D. Cal. Feb. 23, 2010) (unpublished) (holding that the total potential
10 damages, plaintiff's holdover damages demand, did not exceed $75,000 at the time of removal);
11 U.S. Bank Nat. Ass'n v. Bravo, No. CV 08-7736-GW(RCx), 2009 WL 210481, at *3
12 (unpublished) (holding that for purposes of removal premised on diversity jurisdiction, the
13 damages emblazoned on the face of the unlawful detainer complaint are controlling); HSBC
14 Bank USA v. Ramirez, No. CV 08-05638-RGK (CWx), 2008 WL 4724055, at *2 (C.D. Cal. Oct.
15 21, 2008) (unpublished) (same).

16         Defendants have not established with legal certainty that this court can maintain
17 diversity jurisdiction over this action given that, on its face, plaintiff's complaint conspicuously
18 describes the damages at stake as being "Under $10,000." (Compl. at 1.)  Defendants do not
19 explain the basis for their conclusory statement that the "amount of controversy exceeds the [sic]
20 $95,000" or explain why the complaint's "Under $10,000" damages figure should be
21 disregarded.  (Notice of Removal at 2).  Defendants have not addressed the Judgment and Notice
22 of Entry of Judgment attached to the declaration of Eric G. Fernandez in support of the pending
23 Motion to Remand, which states that the damages awarded to plaintiff were $3,420.00.
24 (Declaration of Eric G. Fernandez, Dkt. No. 8-2 at 2; Exh. A thereto (Judgment and Notice of
25 ////
26 ////

1  Entry of Judgment dated October 26, 2010 awarding plaintiff $3,420.00.))[4]  Accordingly, the

2  undesigned concludes that defendants have not met their burden, and diversity jurisdiction does

3  not keep plaintiff's unlawful detainer claim in federal court.

4            C.        <u>Trial Court's Entry of Judgment in State Court</u>

5            In its moving papers, plaintiff suggests that remand is appropriate (but does not

6  cite to supporting authorities) because the state action was completed when defendants filed their

7  Notice of Removal. (Dkt. No. 8-1 at 2.) Plaintiff explains that "the case has already been

8  adjudicated in state court" and defendants "have not filed an appeal of the judgment or otherwise

9  challenged it in state court." (<u>Id</u>.) Specifically, plaintiff states that after a trial on October 26,

10  2010, final judgment was entered in plaintiff' favor. (Declaration of Eric G. Fernandez, Dkt. No.

11  8-2 at 2; Exh. A thereto (Judgment and Notice of Entry of Judgment dated October 26, 2010.))

12            While the state court's entry of judgment after trial may support remand or

13  dismissal, in this case it is not clear that such judgment necessarily precludes removal or requires

14  dismissal in this particular case. It is true that the Ninth Circuit Court of Appeals has held that, if

15  there is no pending action to remove, there is no action to remand. <u>Ristuccia v. Adams</u>, 406 F.2d

16  1257, 1258 (9th Cir. 1969) (per curiam) ("We hold that, as a matter of logic, if appellants had no

17  existing cause of action to remove, the fact that the district court has determined that appellants

18  lacked a removable cause of action creates no cause of action that can be remanded.") However,

---

[4] Despite the removal statute's requirement that all state court pleadings and orders be attached to the notice of removal, defendants did not attach the Judgment and Notice of Entry of Judgment to their Notice of Removal. 28 U.S.C. § 1446(a). Plaintiff, however, filed that document as part of its pending motion (Dkt. No. 8-2 at 2, Exh. A), and defendants have neither opposed plaintiff's Motion for Remand nor challenged the authenticity of the Judgment and Notice of Entry of Judgment attached thereto. A district court may take judicial notice of state court actions where the state court proceedings have a direct relation to the matters at issue. <u>See</u>, <u>e.g.</u>, <u>Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.)</u>, 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008) (citing <u>U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992)); <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1225 (9th Cir. 2007); <u>Cactus Corner, LLC v. U.S. Dep't of Agric.</u>, 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004). Accordingly, the undersigned takes judicial notice of the Judgment and Notice of Entry of Judgment dated October 26, 2010 (Dkt. No. 8-2 at 2, Exh. A). <u>See</u> Fed. R. Evid. 201(c) ("A court may take judicial notice, whether requested or not.").

1  in Ristuccia, the party seeking removal appeared in the state court action, defended on the merits,
2  and sought removal only *after* an adverse determination by an appellate court. Id.; e.g., Robert E.
3  Diehl, Inc. v. Morrison, 590 F. Supp. 1190, 1192 (M.D. Pa. 1984) (noting that "in Ristuccia
4  removal was sought only after the state appellate court had denied relief.")

Here, it is not clear whether the state court's judgment has been (or will be) appealed and is not clear that all appellate deadlines have passed. Accordingly, at this time, the undersigned declines to determine whether the trial court's entry of judgment is a final judgment that itself prevents removal at this posture. Putting aside the impact of the state trial court's entry of judgment prior to defendants' Notice of Removal, given the lack of federal question jurisdiction and lack of diversity jurisdiction there are sufficient other grounds for remand.

IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.   The status conference currently set for June 9, 2011 is vacated.

And IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's motion to remand (Dkt. No. 8) be granted and
2.   This matter be remanded to the Superior Court of California, County of Sacramento, on the grounds that this court lacks subject matter jurisdiction over plaintiff's claims.
3.   The Clerk of the Court vacate all dates in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).

Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED: May 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE